1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SEAN SCHWARTZENGRABER,

11          Plaintiff,                   No. 2:11-cv-1770 DAD

12      vs.

13   CAROLYN W. COLVIN,              ORDER
     Commissioner of Social Security,
14
            Defendant.
15   _____/

16          This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-

19   motion is denied, the decision of the Commissioner of Social Security (Commissioner) is

20   reversed, and the matter is remanded for further proceedings consistent with this order.

21                        **PROCEDURAL BACKGROUND**

22          On April 11, 2008, plaintiff filed an application for Supplemental Security Income

23   (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning

24   on May 29, 2001.  (Transcript (Tr.) at 100-07.)  Plaintiff's application was denied initially and on

25   reconsideration.  (Id. at 57-61, 69-73.)

26   /////

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an administrative hearing was held before an ALJ on February 11, 2010.  (Id. at 25-51.)  Plaintiff was represented by counsel and testified at that administrative hearing.  In a decision issued on April 12, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 20.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since April 3, 2008, his application date (20 CFR 416.971 *et seq*.).
>
> 2.  The claimant has the following severe impairments: degenerative disc disease and an annular tear at the L4-5 level of the lumbar spine (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b) provided he does not do more than occasional climbing, crouching, and crawling.
>
> 5.  The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on May 17, 1975 and was 32 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has as least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since April 3, 2008, the date the application was filed (20 CFR 416.920(g)).

(Id. at 15-20.)

1    On May 5, 2011, the Appeals Council denied plaintiff's request for review of the

2  ALJ's April 12, 2010 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42

3  U.S.C. § 405(g) by filing the complaint in this action on July 5, 2011.

4                                **LEGAL STANDARD**

5    The Commissioner's decision that a claimant is not disabled will be upheld if the

6  findings of fact are supported by substantial evidence in the record as a whole and the proper

7  legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

8  (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

9  The findings of the Commissioner as to any fact, if supported by substantial evidence, are

10  conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

11  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

12  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

13  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

14  (1971)).

15    A reviewing court must consider the record as a whole, weighing both the

16  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

17  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19  substantial evidence supports the administrative findings, or if there is conflicting evidence

20  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

21  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

23  1335, 1338 (9th Cir. 1988).

24    In determining whether or not a claimant is disabled, the ALJ should apply the

25  five-step sequential evaluation process established under Title 20 of the Code of Federal

26  Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

1    The five-step process has been summarized as follows:

2        Step one:  Is the claimant engaging in substantial gainful activity?
         If so, the claimant is found not disabled.  If not, proceed to step
3        two.

4        Step two:  Does the claimant have a "severe" impairment?  If so,
         proceed to step three.  If not, then a finding of not disabled is
5        appropriate.

6        Step three:  Does the claimant's impairment or combination of
         impairments meet or equal an impairment listed in 20 C.F.R., Pt.
7        404, Subpt. P, App. 1?  If so, the claimant is automatically
         determined disabled.  If not, proceed to step four.
8
         Step four:  Is the claimant capable of performing his past work?  If
9        so, the claimant is not disabled.  If not, proceed to step five.

10       Step five:  Does the claimant have the residual functional capacity
         to perform any other work?  If so, the claimant is not disabled.  If
11       not, the claimant is disabled.

12   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

13           The claimant bears the burden of proof in the first four steps of the sequential

14   evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

15   sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098

16   (9th Cir. 1999).

17                                   **APPLICATION**

18           In his motion pending before the court plaintiff argues that the ALJ committed the

19   following three principal errors in finding him not disabled:  (1) the ALJ improperly rejected the

20   opinion of plaintiff's treating physician; (2) the ALJ improperly rejected plaintiff's own

21   testimony regarding his subjective symptoms; and (3) the ALJ erred in electing to apply the grids

22   in this case  and in failing to utilize the expertise of a vocational expert.

23   /////

24   /////

25   /////

26   /////

                                          4

1  **I.    Medical Opinion**

2              Plaintiff argues that the ALJ rejected the opinion of plaintiff's treating physician

3  without a legitimate basis for doing so.  (Pl.'s MSJ (Doc. No. 20) at 18-22.[1])  In this regard, on

4  October 21, 2008, Dr. Guy Corkill completed a Listing § 1.04A – Spinal Nerve Root

5  Compression form and attached a Follow Up letter to that form.  (Tr. at 248-52.)  Therein, Dr.

6  Corkill expressed his opinion that plaintiff was seriously limited in a number of areas of

7  functioning, including limitations to fifteen minutes of sitting, standing and walking in an eight-

8  hour day and five minutes of sitting/standing and ten minutes of walking at any one time.[2]  (Id. at

9  251.)  Dr. Corkill also stated that plaintiff must lie down for fifteen minutes every forty-five

10 minutes and that plaintiff would, on average, miss more than four days of work per month.  (Id.)

11             The ALJ, however, rejected Dr. Corkill's opinion, stating:

12             The opinion provided by Dr. Corkill is rejected.  Although Dr.
               Corkill is a neurosurgeon and a treating source, the limitations he
13             assessed are quite extreme.  They are not supported by any clinical
               findings in his own records or in the orthopedic records from
14             Shasta Orthopedic Center.  These records show no evidence of
               weakness, atrophy, neurological deficits, or radiculopathy that
15             would warrant the extreme limitations in sitting, standing, walking,
               and the need to lie down, or the likelihood of extreme absenteeism,
16             as expressed by Dr. Corkill.  His assessment is also inconsistent
               with the claimant's testimony regarding his daily functioning and
17             his ability to maintain a household with four children.

18 (Tr. at 19.)

19             Dr. Corkill, however, was plaintiff's treating physician.  Accordingly, his opinion

20 was entitled to considerable weight.  In this regard, the weight to be given to medical opinions in

21 Social Security disability cases depends in part on whether the opinions are proffered by treating,

22

23       [1]  Page number citations such as this one are to the page number reflected on the court's
         CM/ECF system and not to page numbers assigned by the parties.
24
         [2]  As noted by the ALJ, it appears Dr. Corkill may have reversed his answers with respect
25       to plaintiff's limitations in terms of total time sitting/standing/walking for an eight-hour day
         versus at any one time.  (Tr. at 17.)  The court has, therefore, set forth what this court and the
26       ALJ believe were the doctor's intended answers.

examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885

F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of

a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81

F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater

opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d at 1273,

1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).  A treating

physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while

a treating physician's opinion that is controverted by another doctor may be rejected only for

specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d

at 830-31.

Here, the ALJ rejected Dr. Corkill's opinion because it was allegedly "not

supported by any clinical findings in his own records or in the orthopedic records from Shasta

Orthopedic Center."  (Tr. at 19.)  However, at a November 8, 2007 evaluation of plaintiff, Dr.

Corkill noted as follows:

> [Plaintiff] was seen for a neurosurgical follow up today in our
> Redding office.  He is status post an MRI reported as showing
> degenerative disc disease with a 5mm and 7mm broad-based disc
> bulge at L4-5 and L5-S1, respectively and mild left-sided facet
> arthropathy.  All this is consistent with his back pain and leg pain.

(Id. at 198.)

Moreover, on October 21, 2008, the day Dr. Corkill rendered his opinion, he

examined plaintiff for a "neurosurgical follow up . . . for the purpose of a physical evaluation"

and found the following:

> [Plaintiff] continues to be in pain.  He gives a valid history of pain,
> on-going, today.  He walks with a limp to his car, while not aware
> that he was being observed.  His history is entirely consistent with
> low back problems and generation of bilateral defects at L5, and
> consistent abnormal physical finding, including reduced straight
> leg raising, femoral nerve stretch, accurate localization of the pain
> to the L5 abnormality evidence on imaging, associated spasms and
> associated imaging showing the L5 pars intra-articularis defect.

/////

1  (Id. at 248.)

2          The ALJ also rejected treating physician Dr. Corkill's opinion because it was

3  allegedly "inconsistent with the claimant's testimony regarding his daily functions." (Id. at 19.)

4  Although it is not clear specifically what testimony the ALJ is referring to, plaintiff's testimony

5  at the administrative hearing concerning his daily activities painted a picture of an individual

6  rendered relatively inactive due to his physical limitations and was consistent with Dr. Corkill's

7  opinion. In this regard, plaintiff testified that he can no longer mow his yard because "it hurts,"

8  that the amount of time he can play with his children is limited due to his pain and that his

9  teenaged children "know their responsibilities about picking up and cleaning up and helping dad

10  out around the house." (Id. at 41, 43, 45.)

11          Finally, the court notes that while the ALJ rejected the opinion of plaintiff's

12  treating physician, the ALJ "accepted and adopted" the opinion of the non-treating, non-

13  examining, State Agency physician. (Id. at 18.) As noted above, however, because the State

14  Agency physician was a non-treating, non-examining physician, his opinion was entitled to less

15  weight than treating physician Dr. Corkill's opinion. See Lester, 81 F.3d at 831 ("The opinion of

16  a nonexamining physician cannot by itself constitute substantial evidence that justifies the

17  rejection of the opinion of either an examining physician *or* a treating physician.").

18          Accordingly, the court finds that plaintiff is entitled to summary judgment in his

19  favor with respect to his claim that the ALJ's decision to reject the opinion of his treating

20  physician was not supported by substantial evidence.

21  **II.    Plaintiff's Testimony**

22          Plaintiff also argues that the ALJ improperly rejected plaintiff's own testimony

23  regarding his subjective symptoms. (Pl.'s MSJ (Doc. No. 20) at 23-28.) The Ninth Circuit has

24  summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

25          To determine whether a claimant's testimony regarding subjective
            pain or symptoms is credible, an ALJ must engage in a two-step
26          analysis. First, the ALJ must determine whether the claimant has

1    presented objective medical evidence of an underlying impairment
     which could reasonably be expected to produce the pain or other
2    symptoms alleged.  The claimant, however, need not show that her
     impairment could reasonably be expected to cause the severity of
3    the symptom she has alleged; she need only show that it could
     reasonably have caused some degree of the symptom.  Thus, the
4    ALJ may not reject subjective symptom testimony . . . simply
     because there is no showing that the impairment can reasonably
5    produce the degree of symptom alleged.

6    Second, if the claimant meets this first test, and there is no
     evidence of malingering, the ALJ can reject the claimant's
7    testimony about the severity of her symptoms only by offering
     specific, clear and convincing reasons for doing so . . . .

8

9    In Lingenfelter v. Astrue, 504 F.3d 1028,  1035-36 (9th Cir. 2007) (citations and quotation marks

10   omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling

11   pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674

12   F.3d 1104, 1112 (9th Cir. 2012).

13          "The ALJ must specifically identify what testimony is credible and what

14   testimony undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin.,

15   574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d

16   595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among

17   other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]

18   testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work

19   record, and testimony from physicians and third parties concerning the nature, severity, and effect

20   of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59

21   (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

22   (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the

23   record, the court "may not engage in second-guessing."  Id.

24          Here, with respect to plaintiff's credibility the ALJ found as follows:

25          After careful consideration of the evidence, the undersigned finds
            that the claimant's medically determinable impairments could
26          reasonably be expected to cause symptoms similar in nature to

8

those alleged by the claimant.  However, his claims that his symptoms are of a disabling level of intensity, persistence and limiting effect are not consistent with the medical and other evidence and are in fact found to be essentially incredible.

* * *

As noted, there is a basis for believing that the claimant does experience discomfort form (sic) the identified disc disease, but it cannot be concluded that his pain is as bad as alleged or so severe as to prevent all work.  The claimant's allegations, and Dr. Corkill's opinion, that he can only sit, stand, and walk for a few minutes at a time and must lie down for several hours during the day are inconsistent with the record as a whole.  The record shows that the claimant's use of narcotic pain medication and epidural steroid injections have helped control the pain and stabilize his condition.  He does not report side effects to his medication. Clinical findings show only tenderness with intermittent periods of decreased range of motion or mildly positive straight-leg raising. There is no evidence of radiculopathy, strength loss, atrophy, sensation changes, or reflex changes.  Despite the chronic pain condition, he has maintained much of his ability to function.  This conclusion is consistent with his activities of daily living. Treatment records indicate that the claimant was doing medium to heavy level work as late as 2007 and 2008.  After the claimant stopped working, he was caring for four children while his wife worked.  Later, his wife was no longer in the household, and the claimant became the sole care-provider for the four children.  As a result he must spend his days doing chores, yard work, dealing with his children, attending school functions, attending his children's sports events, shopping, and occasionally racing radio controlled cars.  The ability to maintain a household for four children, even with some help from the children, reflects an ability to do at least light work tasks on a regular basis.

(Tr. at 16-18.)

The ALJ thus rejected plaintiff's testimony based upon the finding that plaintiff's subjective complaints "are not consistent with the medical and other evidence" in the record.  (Id. at 16.)  However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005).  Moreover, plaintiff's subjective complaints are consistent with treating physician Dr. Corkill's October 21, 2008 opinion, which the ALJ improperly rejected and in

1   which Dr. Corkill found plaintiff's "history is entirely consistent with low back problems . . .

2   abnormal physical finding . . . localization of the pain . . . [and] associated spasms . . ."  (Tr. at

3   248.)

4         The ALJ also rejected plaintiff's testimony concerning his subjective complaints

5   based upon the finding that plaintiff's activities of daily living were consistent with the

6   conclusion that "[d]espite the chronic pain condition, [plaintiff] has maintained much of his

7   ability to function."  (Id. at 18.)  However, it is well established that social security claimants

8   need not be "utterly incapacitated to be eligible for benefits."  Fair v. Bowen, 885 F.2d 597, 603

9   (9th Cir. 1989).  See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005); Vertigan v.

10  Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere

11  fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car,

12  or limited walking for exercise, does not in any way detract from her credibility as to her overall

13  disability.").  In general, the Commissioner does not consider "activities like taking care of

14  yourself, household tasks, hobbies, therapy, school attendance, club activities, or social

15  programs" to be substantial gainful activities.  20 C.F.R. § 404.1572(c).  See also 20 C.F.R. §

16  404.1545(e).

17        Moreover, the ALJ's characterization of plaintiff's activities of daily living is

18  inconsistent with plaintiff's testimony regarding those activities.[3]  Plaintiff testified that he can

19  no longer mow the lawn, that "maybe twice a week after school for a little while" he could

20  operate radio controlled cars in front of his home with his children but not for very long and that

21  the children "know dad's hurt and . . . he doesn't last very long," and that his children help out

22  with the household chores.  (Tr. at 41-46.)  Plaintiff also testified that he would not trust himself

23

24      [3]  The court notes that it finds the ALJ's conclusion that because plaintiff is the "sole
    care-provider for the four children . . . . he must spend his days doing chores, yard work, dealing
    with his children . . ." not only inconsistent with the plaintiff's description of those activities in

25  his testimony, as noted above, but to be impermissible and illogical speculation in light of the
    fact that plaintiff's children are not pre-school age.  Rather, at the time of the hearing they were

26  ten, twelve, thirteen and fifteen years of age.  (Tr. at 18, 36.)

1   to drive due to the medications he takes.  (Id. at 39.)

2          For all of these reasons, the court finds that the ALJ's opinion does not offer

3   specific, clear and convincing reasons for rejecting plaintiff's testimony regarding his subjective

4   symptoms and their severity.  Accordingly, the court finds that plaintiff is also entitled to

5   summary judgment in his favor with respect to this claim.

6                                    **CONCLUSION**

7          The court concludes that the ALJ's errors with respect to the treatment of medical

8   opinion evidence and plaintiff's testimony undermines the ALJ's entire evaluation and that the

9   court need not address plaintiff's remaining argument.  With error established, the court has

10  discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603

11  (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the

12  record has been fully developed, it is appropriate to exercise this discretion to direct an

13  immediate award of benefits.  See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).

14  However, where there are outstanding issues that must be resolved before a determination can be

15  made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if

16  all the evidence were properly evaluated, remand is appropriate.  Id. at 594.

17         Here, the relevant medical opinion evidence and plaintiff's testimony regarding

18  his subjective complaints must be properly assessed to determine plaintiff's RFC.[3]  Therefore, on

19  remand, the ALJ should address the relevant medical opinions, affording them their proper

20  weight.  The ALJ should also address plaintiff's own testimony concerning his subjective

21  symptoms, setting forth specific, clear and convincing reasons for doing so if he concludes that

22  such testimony should be discounted.  The ALJ may also deem it necessary to conduct a

23  supplemental administrative hearing and utilize the expertise of a vocational expert.

24  _____

25         [3]  Although finding it unnecessary to address plaintiff's remaining claim, the court has
    nonetheless examined that claim and determined that remanding this matter for further
26  proceedings, as oppose to reversing and awarding benefits, is appropriate.

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  Plaintiff's motion for summary judgment (Doc. No. 20) is granted;

3       2.  Defendant's cross-motion for summary judgment (Doc. No. 21) is denied;

4       3.  The Commissioner's decision is reversed; and

5       4.  This matter is remanded for further proceedings consistent with this order.

6  DATED: March 14, 2013.

7

8                 _____

9                 DALE A. DROZD
                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13  DAD:6
    Ddad1/orders.soc sec/schwartzengraber1770.order

14

15

16

17

18

19

20

21

22

23

24

25

26