IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN SCHWARTZENGRABER,

      Plaintiff,                      No. 2:11-cv-1770 DAD

      vs.

CAROLYN W. COLVIN,             ORDER
Commissioner of Social Security,

      Defendant.
_____/

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

        On April 11, 2008, plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning on May 29, 2001. (Transcript (Tr.) at 100-07.) Plaintiff's application was denied initially and on reconsideration. (Id. at 57-61, 69-73.)

/////

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an administrative hearing was held before an ALJ on February 11, 2010.  (Id. at 25-51.)  Plaintiff was represented by counsel and testified at that administrative hearing.  In a decision issued on April 12, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 20.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since April 3, 2008, his application date (20 CFR 416.971 et seq.).
>
> 2.  The claimant has the following severe impairments: degenerative disc disease and an annular tear at the L4-5 level of the lumbar spine (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b) provided he does not do more than occasional climbing, crouching, and crawling.
>
> 5.  The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on May 17, 1975 and was 32 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has as least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since April 3, 2008, the date the application was filed (20 CFR 416.920(g)).

(Id. at 15-20.)

On May 5, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's April 12, 2010 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 5, 2011.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his motion pending before the court plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ improperly rejected the opinion of plaintiff's treating physician; (2) the ALJ improperly rejected plaintiff's own testimony regarding his subjective symptoms; and (3) the ALJ erred in electing to apply the grids in this case and in failing to utilize the expertise of a vocational expert.

/////
/////
/////
/////

I.     **Medical Opinion**

Plaintiff argues that the ALJ rejected the opinion of plaintiff's treating physician without a legitimate basis for doing so. (Pl.'s MSJ (Doc. No. 20) at 18-22.[1]) In this regard, on October 21, 2008, Dr. Guy Corkill completed a Listing § 1.04A – Spinal Nerve Root Compression form and attached a Follow Up letter to that form. (Tr. at 248-52.) Therein, Dr. Corkill expressed his opinion that plaintiff was seriously limited in a number of areas of functioning, including limitations to fifteen minutes of sitting, standing and walking in an eight-hour day and five minutes of sitting/standing and ten minutes of walking at any one time.[2] (Id. at 251.) Dr. Corkill also stated that plaintiff must lie down for fifteen minutes every forty-five minutes and that plaintiff would, on average, miss more than four days of work per month. (Id.)

The ALJ, however, rejected Dr. Corkill's opinion, stating:

> The opinion provided by Dr. Corkill is rejected. Although Dr. Corkill is a neurosurgeon and a treating source, the limitations he assessed are quite extreme. They are not supported by any clinical findings in his own records or in the orthopedic records from Shasta Orthopedic Center. These records show no evidence of weakness, atrophy, neurological deficits, or radiculopathy that would warrant the extreme limitations in sitting, standing, walking, and the need to lie down, or the likelihood of extreme absenteeism, as expressed by Dr. Corkill. His assessment is also inconsistent with the claimant's testimony regarding his daily functioning and his ability to maintain a household with four children.

(Tr. at 19.)

Dr. Corkill, however, was plaintiff's treating physician. Accordingly, his opinion was entitled to considerable weight. In this regard, the weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating,

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] As noted by the ALJ, it appears Dr. Corkill may have reversed his answers with respect to plaintiff's limitations in terms of total time sitting/standing/walking for an eight-hour day versus at any one time. (Tr. at 17.) The court has, therefore, set forth what this court and the ALJ believe were the doctor's intended answers.

examining, or nonexamining health professionals. <u>Lester</u>, 81 F.3d at 830; <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." <u>Lester</u>, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. <u>Smolen v. Chater</u>, 80 F.3d at 1273, 1285 (9th Cir. 1996); <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. <u>Lester</u>, 81 F.3d at 830-31.

Here, the ALJ rejected Dr. Corkill's opinion because it was allegedly "not supported by any clinical findings in his own records or in the orthopedic records from Shasta Orthopedic Center." (Tr. at 19.) However, at a November 8, 2007 evaluation of plaintiff, Dr. Corkill noted as follows:

> [Plaintiff] was seen for a neurosurgical follow up today in our Redding office. He is status post an MRI reported as showing degenerative disc disease with a 5mm and 7mm broad-based disc bulge at L4-5 and L5-S1, respectively and mild left-sided facet arthropathy. All this is consistent with his back pain and leg pain.

(<u>Id.</u> at 198.)

Moreover, on October 21, 2008, the day Dr. Corkill rendered his opinion, he examined plaintiff for a "neurosurgical follow up . . . for the purpose of a physical evaluation" and found the following:

> [Plaintiff] continues to be in pain. He gives a valid history of pain, on-going, today. He walks with a limp to his car, while not aware that he was being observed. His history is entirely consistent with low back problems and generation of bilateral defects at L5, and consistent abnormal physical finding, including reduced straight leg raising, femoral nerve stretch, accurate localization of the pain to the L5 abnormality evidence on imaging, associated spasms and associated imaging showing the L5 pars intra-articularis defect.

/////

(Id. at 248.)

The ALJ also rejected treating physician Dr. Corkill's opinion because it was allegedly "inconsistent with the claimant's testimony regarding his daily functions." (Id. at 19.) Although it is not clear specifically what testimony the ALJ is referring to, plaintiff's testimony at the administrative hearing concerning his daily activities painted a picture of an individual rendered relatively inactive due to his physical limitations and was consistent with Dr. Corkill's opinion. In this regard, plaintiff testified that he can no longer mow his yard because "it hurts," that the amount of time he can play with his children is limited due to his pain and that his teenaged children "know their responsibilities about picking up and cleaning up and helping dad out around the house." (Id. at 41, 43, 45.)

Finally, the court notes that while the ALJ rejected the opinion of plaintiff's treating physician, the ALJ "accepted and adopted" the opinion of the non-treating, non-examining, State Agency physician. (Id. at 18.) As noted above, however, because the State Agency physician was a non-treating, non-examining physician, his opinion was entitled to less weight than treating physician Dr. Corkill's opinion. See Lester, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.").

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ's decision to reject the opinion of his treating physician was not supported by substantial evidence.

**II.     Plaintiff's Testimony**

Plaintiff also argues that the ALJ improperly rejected plaintiff's own testimony regarding his subjective symptoms. (Pl.'s MSJ (Doc. No. 20) at 23-28.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has

7

> presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

In Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, with respect to plaintiff's credibility the ALJ found as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause symptoms similar in nature to

8

> those alleged by the claimant. However, his claims that his symptoms are of a disabling level of intensity, persistence and limiting effect are not consistent with the medical and other evidence and are in fact found to be essentially incredible.
>
> * * *
>
> As noted, there is a basis for believing that the claimant does experience discomfort form (sic) the identified disc disease, but it cannot be concluded that his pain is as bad as alleged or so severe as to prevent all work. The claimant's allegations, and Dr. Corkill's opinion, that he can only sit, stand, and walk for a few minutes at a time and must lie down for several hours during the day are inconsistent with the record as a whole. The record shows that the claimant's use of narcotic pain medication and epidural steroid injections have helped control the pain and stabilize his condition. He does not report side effects to his medication. Clinical findings show only tenderness with intermittent periods of decreased range of motion or mildly positive straight-leg raising. There is no evidence of radiculopathy, strength loss, atrophy, sensation changes, or reflex changes. Despite the chronic pain condition, he has maintained much of his ability to function. This conclusion is consistent with his activities of daily living. Treatment records indicate that the claimant was doing medium to heavy level work as late as 2007 and 2008. After the claimant stopped working, he was caring for four children while his wife worked. Later, his wife was no longer in the household, and the claimant became the sole care-provider for the four children. As a result he must spend his days doing chores, yard work, dealing with his children, attending school functions, attending his children's sports events, shopping, and occasionally racing radio controlled cars. The ability to maintain a household for four children, even with some help from the children, reflects an ability to do at least light work tasks on a regular basis.

(Tr. at 16-18.)

The ALJ thus rejected plaintiff's testimony based upon the finding that plaintiff's subjective complaints "are not consistent with the medical and other evidence" in the record. (Id. at 16.) However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). Moreover, plaintiff's subjective complaints are consistent with treating physician Dr. Corkill's October 21, 2008 opinion, which the ALJ improperly rejected and in

which Dr. Corkill found plaintiff's "history is entirely consistent with low back problems . . . abnormal physical finding . . . localization of the pain . . . [and] associated spasms . . . ." (Tr. at 248.)

The ALJ also rejected plaintiff's testimony concerning his subjective complaints based upon the finding that plaintiff's activities of daily living were consistent with the conclusion that "[d]espite the chronic pain condition, [plaintiff] has maintained much of his ability to function." (Id. at 18.) However, it is well established that social security claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). In general, the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c). See also 20 C.F.R. § 404.1545(e).

Moreover, the ALJ's characterization of plaintiff's activities of daily living is inconsistent with plaintiff's testimony regarding those activities.[3] Plaintiff testified that he can no longer mow the lawn, that "maybe twice a week after school for a little while" he could operate radio controlled cars in front of his home with his children but not for very long and that the children "know dad's hurt and . . . he doesn't last very long," and that his children help out with the household chores. (Tr. at 41-46.) Plaintiff also testified that he would not trust himself

---

[3] The court notes that it finds the ALJ's conclusion that because plaintiff is the "sole care-provider for the four children . . . . he must spend his days doing chores, yard work, dealing with his children . . ." not only inconsistent with the plaintiff's description of those activities in his testimony, as noted above, but to be impermissible and illogical speculation in light of the fact that plaintiff's children are not pre-school age. Rather, at the time of the hearing they were ten, twelve, thirteen and fifteen years of age. (Tr. at 18, 36.)

to drive due to the medications he takes.  (Id. at 39.)

For all of these reasons, the court finds that the ALJ's opinion does not offer specific, clear and convincing reasons for rejecting plaintiff's testimony regarding his subjective symptoms and their severity.  Accordingly, the court finds that plaintiff is also entitled to summary judgment in his favor with respect to this claim.

## CONCLUSION

The court concludes that the ALJ's errors with respect to the treatment of medical opinion evidence and plaintiff's testimony undermines the ALJ's entire evaluation and that the court need not address plaintiff's remaining argument.  With error established, the court has discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  Id. at 594.

Here, the relevant medical opinion evidence and plaintiff's testimony regarding his subjective complaints must be properly assessed to determine plaintiff's RFC.[3]  Therefore, on remand, the ALJ should address the relevant medical opinions, affording them their proper weight.  The ALJ should also address plaintiff's own testimony concerning his subjective symptoms, setting forth specific, clear and convincing reasons for doing so if he concludes that such testimony should be discounted.  The ALJ may also deem it necessary to conduct a supplemental administrative hearing and utilize the expertise of a vocational expert.

---

[3] Although finding it unnecessary to address plaintiff's remaining claim, the court has nonetheless examined that claim and determined that remanding this matter for further proceedings, as oppose to reversing and awarding benefits, is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 20) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 21) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

DATED: March 14, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/schwartzengraber1770.order